**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA-CLAIRE BALEA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SARAH ELISE, LLC,<br><br>        Defendant. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. 26-cv-733 |

      Plaintiff Marie-Claire Balea, on behalf of herself and all others similarly situated, brings this class action suit for damages and equitable relief against Sarah Elise, LLC ("Sarah Elise"). Ms. Balea alleges the following based upon personal information, as to allegations as to herself, and on the investigation of her counsel and on information and belief as to all other allegations:

# TABLE OF CONTENTS

NATURE OF THE ACTION ............................................................................................1

JURISDICTION ...........................................................................................................1

VENUE .......................................................................................................................2

PARTIES .....................................................................................................................2

FACTS ........................................................................................................................2

    A.    Sarah Elise's Perpetually Advertises its Products as "On Sale"..................2

    B.    Sarah Elise Uses Its Website, Etsy, and Instagram to Advertise Fake Sales and False Discounts ............................................................................7

    C.    False Reference Prices Are Known to Deceive Reasonable Consumers...10

CLASS ACTION ALLEGATIONS ...............................................................................13

FIRST CAUSE OF ACTION .......................................................................................17

SECOND CAUSE OF ACTION ...................................................................................18

THIRD CAUSE OF ACTION ......................................................................................19

FOURTH CAUSE OF ACTION ...................................................................................22

FIFTH CAUSE OF ACTION .......................................................................................26

PRAYER FOR RELIEF ..............................................................................................27

## NATURE OF THE ACTION

1.      This is a class action lawsuit against Sarah Elise, which sells jewelry on its own website and its Etsy Shop.  Sarah Elise is a major supplier of jewelry.  Last year, Sarah Elise had a median of twenty-three million organic, unique visitors to its online stores.  In years past, its online stores had over forty million organic, unique visitors.  Upon information and belief, Sarah Elise makes millions of dollars in annual revenue through jewelry sales to millions of customers.

2.      This is a case about deception. Sarah Elise consistently advertises massive, site wide discounts for its jewelry.  But those sales never end.  Since at least March 2021, Sarah Elise has perpetually listed its products as "on sale" and has never sold its products at their original reference price.  Instead, Sarah Elise uses these reference prices and a sophisticated advertising campaign to deceive customers into paying more for its jewelry than the products could command in a fair market.

3.      Because Sarah Elise has engaged in a false and deceptive marketing, advertising, and pricing scheme, Ms. Balea brings claims on behalf of herself and all those similarly situated for violations of the Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200, *et seq.*, The False Advertising Law, Cal. Bus. & Prof. Code, §§ 17500, *et seq*., and the California Consumers Legal Remedies Act, Cal. Civ. Code, §§1750 *et seq.*, and for unjust enrichment and common law fraud.

## JURISDICTION

4.      This Court has jurisdiction over this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and Ms. Balea and at least one of the members of the proposed class are citizens of a different state than Sarah Elise.

5.    This Court has personal jurisdiction over Sarah Elise because it is headquartered in this District and incorporated under the laws of New York.

## VENUE

6.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Sarah Elise is registered in this District and its headquarters are located in this District.

## PARTIES

7.    Plaintiff Marie-Claire Balea is domiciled in California.  On May 6, 2025, Ms. Balea purchased two items from Sarah Elise's website: a Thin Flush Set Diamond Ring, Reese and a Solid Gold X Ring, Adelyn.  Ms. Balea took note of the site banners advertising a "sale," strike-through prices, and sale prices, and reasonably relied on those representations, in addition to the specific representations related to the Reese and Adelyn model rings, when making her purchase.  Ms. Balea would not have purchased those items or would have paid less for them if she had known about Sarah Elise's deceptive advertising scheme, which she reasonably relied on, as stated above.

8.    Defendant Sarah Elise, LLC is a New York corporation headquartered in New York City.  Sarah Elise also maintains a showroom (it's only showroom) in midtown Manhattan.

## FACTS

**A.    Sarah Elise's Perpetually Advertises its Products as "On Sale"**

9.    Defendant Sarah Elise sells a variety of jewelry, including earrings, rings, necklaces, and bracelets (the "Products") on its website, www.saraheliasejewelry.com ("Sarah Elise Website"), and on Etsy, at www.etsy.com/shop/SarahEliseJewelry ("Etsy Shop").  For years, Sarah Elise has advertised persistent and *false* discounts on both platforms, enticing unsuspecting customers with claims of limited-time sales.  Sarah Elise routinely advertises sitewide discounts of 10% to 30% which, in fact, are nothing more than deceptive promotions. Sarah Elise has

engaged in this practice since at least March 2021 and has never sold its jewelry at their purported original price. Instead, jewelry is always sold at a purported "sale" price.

10.     Sarah Elise continues these deceptive practices to this day. The company is currently advertising a "Valentine's Day Sale: 20% off" on its website and Etsy shop. This purported limited time sale comes on the heels of its most recent false sale of "10% off" which, itself, came on the heels of *another* false sale of "30% off" that was advertised for several months.



www.etsy.com/shop/SarahEliseJewelry (last accessed Jan. 27, 2026)



www.sarahelisejewelry.com (last accessed Jan. 27, 2026)



www.sarahelisejewelry.com (last accessed Jan. 7, 2026)

11.     On October 22, 2025, Sarah Elise's Instagram account advertised a limited time sale of 25% off, telling customers to act fast "while it's still live!"  But the sale never died.  Just two weeks later, Sarah Elise announced their "Holiday Sale" of 30% off.  By November 27, that "Holiday Sale" was rebranded as a "Black Friday Sale".  By mid-December, that sale was, once again, rebranded a "Holiday Sale" and extended through late-December.  All in all, the supposedly limited time offer (25% off) was bested within two weeks and then publicized for months.

 

www.instagram.com/saraheIisejewelry/ (last accessed Jan. 7, 2026)



**sarahelisejewelry** ✔ · Follow
New York, New York

**sarahelisejewelry** ✔  8w

Happy Thanksgiving! 🦃 So thankful for all of you 🤎 ✨

Enjoy shopping EVERYTHING for 30% off now during our Black Friday sale! 🤎 🔗 Link in bio to shop 🤎

Want to see a piece in person? Come visit us in NYC! 🙋‍♀️ ✨ Link in bio to reserve your FREE appointment 💃

www.sarahelisejewelry.com

#sarahelisejewelry #blackfridayjewelry #finejewelryblackfriday #solidgoldjewelry #nycjeweler #blackfridaysales ‼️

No comments yet.

♡ 3    💬    ⇅                          🔖

November 27, 2025



**sarahelisejewelry** ✔ · Follow
New York, New York

**sarahelisejewelry** ✔  6w

It's time to finish your holiday shopping! ⏰ 🛍️ ✨

Enjoy 30% off EVERYTHING during our Holiday Sale 🤎

Thank you for making us your go-to for affordable fine jewelry this season 🥹 🤎 ✨

www.sarahelisejewelry.com

Want to see a piece in person? 👀 Come visit us in NYC! 🙋‍♀️ ✨ Link in bio to reserve your FREE consultation 🔗

#sarahelisejewelry #solidgoldjewelry #braceletstack #bracelets #finejewelry #jewelry #jewelrysale

♡ 3    💬    ⇅                          🔖

December 13, 2025



**sarahelisejewelry** ✔ · Following
New York, New York

**sarahelisejewelry** ✔  4 weeks

Can't wait to see how pretty our pieces are going to look under your trees tomorrow! 🤩 ✨

Enjoy shopping 30% off a little while longer 💃 www.sarahelisejewelry.com

Want to see a piece in person? Come visit us in NYC! 🙋‍♀️ ✨ Link in bio to reserve your FREE jewelry consultation 🔗

#sarahelisejewelry #solidgoldjewelry #diamondrings #nycjeweler #finejeweler

There are no comments yet.

♡ 3    💬    ⇅                          🔖

December 24, 2025

www.instagram.com/sarahelisejewelry/ (last accessed Jan. 7, 2026)

12.     These are just the most recent illustrations of a false advertising scheme Sarah Elise has peddled since at least March 2021.  Despite what Sarah Elise claims on its website, Etsy, and social media, the "sale" never ends.  Instead, sales are renamed and rebranded or, occasionally, given a different false discount value.  But, over these months and years, Sarah Elise has never stopped claiming that its jewelry is being sold at a discount *but only for a limited time*.

13.     Those claims are deceptive and misleading to the reasonable consumer.  If the sale never ends, then it is not a sale.  Rather, it is  unlawful way for Sarah Elise to deceive online shoppers and extract a higher price point for its jewelry than a fair market would allow.

**B.     Sarah Elise Uses Its Website, Etsy, and Instagram to Advertise Fake Sales and False Discounts**

14.     Sarah Elise uses several platforms to carry out its deceptive scheme.  As discussed above, Sarah Elise promotes its false sales on Instagram page.  These posts use language indicating the these "sales" will only be offered for a limited time (*e.g.*, "Make sure to enjoy the 25% off  sale while it's still live!").  But the most prominent false statements appear on the main and product pages of Sarah Elise's online stores, that is, on the Sarah Elise Website and the Etsy Shop.

15.     On those websites, Sarah Elise prominently displays banners that advertise limited time, sitewide sales.  In early January, Sarah Elise advertised "10% off sitewide" (page 4, *supra*) and, today, it is advertising a "20% off sitewide" before Valentine's Day.  These banners are displayed on both the Sarah Elise Website and the Etsy Shop main pages (page 3 & 4, *supra*).

16.     Sarah Elise has made use of similar banner ads since, at least, December 16, 2021, as evidenced by archived maintained on WaybackMachine.com.



https://web.archive.org/web/20211216192133/https://www.etsy.com/shop/sarahelisejewelry/

17.    Sarah Elise also makes false and misleading claims when displaying information about a specific jewelry product.  When advertising specific products, Sarah Else uses "strike through" pricing to show the item's purported original price.  It also advertises "sale" prices in prominent colors and bolded text to stress the purported value of the falsely advertised sale.

18.    On Etsy, "sale" prices are displayed in bold, green colored font.  "Original" prices are displayed in strike through, gray colored type and, to the right of the strike through, Sarah Elise shows the purported discount (*e.g.*, "20% off").  Customers see this information when they scroll through a list of products on the Etsy Shop's main page.  They seem the same information again on each product's individual page.  There, customers are also presented with bright green text reminding them of the limited time offer and a bright red text stating either the number of customers who viewed that piece in the last twenty-four hours or the number items left in stock.

19.    All this information is intended to create urgency and to pressure customers to buy now before the sale ends or the jewelry item sells out.



www.etsy.com/shop/SarahEliseJewelry (accessed Jan. 27, 2026)



www.etsy.com/shop/SarahEliseJewelry (last accessed Jan. 27, 2026)

20.     Sarah Elise employs the same strategy on its website, with some minor variations. Most notably, in addition to displaying gray strike through prices and red "sale" prices next to each item, product thumbnails also have a prominent "On Sale" sticker in the top left corner.



www.sarahelisejewelry.com (last accessed Jan. 27, 2026)



www.sarahelisejewelry.com (last accessed Jan. 27, 2026)

**C.    False Reference Prices Are Known to Deceive Reasonable Consumers.**

21.    Sarah Elise falsely and prominently advertises limited time "sales" despite always selling its jewelry at a purported discount.   A crucial element in this scheme is the false reference price.

22.    For instance, the Thin Flush Set Diamond Ring, which Ms. Balea purchased, is currently advertised as "on sale" for $338.00 with a strike through price of $423.00.  The higher price ($423.00) is the reference price.  Another example is the 14k Gold Diamond Butterfly Necklace, Handmade Charm Pendant.  The purported sale price is $479.20.  The reference price is $599.00.





www.sarahelisejewelry.com (accessed Jan. 27, 2026)

www.etsy.com/shop/SarahEliseJewelry (accessed Jan. 27, 2026)

23.    Sarah Elise knows that false reference pricing increases its sales figures because listed sale prices influence purchasing decisions.  Reasonable consumers are drawn to a bargain.

24.    Accordingly, fake discounts, especially false reference prices, can powerfully influence purchasing decisions, with higher reference prices leading to higher sale prices.[1]

---

[1] *E.g.*, Staelin, Urbany, & Ngwe, *Competition and the Regulation of Fictitious Pricing*, 87 J. OF MKTG. 1-21 (2023); Amstrong & Chen, *Discount Pricing*, 58 ECON. INQUIRY 1614-27 (2020).

25.     As one prominent study from the Harvard Business School summarized, laboratory experiments and observational data both indicate that false discounts are "a powerful tool to enhance demand" and have a particularly strong influence on "less-informed consumers."[2]

26.     These findings are reinforced by an FTC Staff Report titled *Bringing Dark Patterns to Light*, published September 1, 2022.  According to the FTC, false discounts and the use of false limited time messages, claims that an item is almost sold out when there is actually ample supply, and false claims that other people have recently viewed an item create a "false belief"— specifically, an illusion of urgency, putting undue pressures on customers to "buy immediately[.]"[3]

27.     On information and belief, Sarah Elise makes most of its sales from the Sarah Elise Website and its Etsy Shop, websites where Sarah Elise sells its jewelry at a false discount.  Sarah Elise's marketing directs its consumers to the Sarah Elise Website or its Etsy Shop—not to third-party sellers—and website traffic shows that millions of customers visit these pages every month.[4]

28.     To the extent any third-party sales have occurred, those sales were not made at the purported list price of Sarah Elise's products but, rather, at the prices deceptively advertises as "sale" prices on the Sarah Elise Webiste and Sarah Elise's Etsy Shop.

---

[2] Donald Ngwe, *Fake Discounts Drive Real Revenues in Retail*, Harvard Business School Working Paper (2018), available at www.hbs.edu/ris/Publication%20Files/18-113_16977967-84c0-488d-96e5-ffba637617d9.pdf.

[3] FTC Staff Report, *Bringing Dark Patterns to Light* at 4, 25 (Sept. 2022), available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.14.2022%20-%20FINAL.pdf

[4] Web traffic to Sarah Elise's Etsy Store page is available at the following link: online.seranking.com/research.competitor.html/?input=https://www.etsy.com/shop/SarahEliseJewelry&mode=base_domain&source=us&globalRegion=us&user_group=1&landing=website_traffic_checker&lang=en&month=2026-1.

Web traffic for Sarah Elise's main website is available at the following link: online.seranking.com/research.competitor.html/?input=https://www.sarahelisejewelry.com/&mode=base_domain&source=us&globalRegion=us&user_group=1&landing=website_traffic_checker&lang=en&month=2026-1.

29.    Sarah Elise's misconduct, therefore, has artificially increased demand for its jewelry and manipulated its consumers, like Ms. Balea, into paying a premium for those products.

## CLASS ACTION ALLEGATIONS

30.    Ms. Balea brings this action on behalf of herself and on behalf of the following proposed Nationwide Class, initially defined as follows:

> All individuals in the United States who purchased a Product through the Sarah Elise Website or Etsy Shop within the relevant limitations period, and/or such subclasses as the Court may deem appropriate.

31.    Ms. Balea also brings this action on behalf of herself and on behalf of the following proposed California Subclass, initially defined as follows:

> All individuals in California who purchased a Product through the Sarah Elise Webiste or Etsy Shop within the relevant limitations period, and/or such subclasses as the Court may deem appropriate.

32.    Excluded from the proposed Classes are Sarah Elise and its parents, subsidiaries, affiliates, officers, and directors, and any entity in which Sarah Elise has a controlling interest.

33.    Ms. Balea reserves the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

34.    The claims of all class members derive directly from a single course of conduct by Sarah Elise, which has engaged and continues to engage in uniform and standardized conduct toward the putative class members. Sarah Elise does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual class members.

35.    Certification of Ms. Balea's claims is appropriate because she can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

36.     Accordingly, Ms. Balea brings this lawsuit as a class action on her own behalf and on behalf of all other individuals similarly situated pursuant under Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

37.     Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

38.     **Numerosity** (Fed. R. Civ. P. 23(a)(1)). The members of the proposed Classes are each so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed each Class includes many tens of thousands of members. The precise number of class members, and their addresses, are unknown to Ms. Balea at this time but can be ascertained from Sarah Elise's records.

39.     **Ascertainability.** The Classes are ascertainable because their members can be readily identified using business records, and other information kept by Sarah Elise in the usual course of business and within its control.  Ms. Balea anticipates providing appropriate notice to the Classes to be approved by the Court after class certification, or pursuant to court order.

40.     **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

(a) Whether Sarah Elise's marketing claims about the Product are misleading to a reasonable consumer;

(b) Whether Sarah Elise engaged in the conduct alleged in this Complaint;

(c) Whether Sarah Elise violated the applicable statutes alleged herein;

(d) Whether Ms. Balea and the class members are injured and harmed directly by Sarah Elise's conduct;

(e) Whether Ms. Balea and the class members are entitled to damages due to Sarah Elise's conduct as alleged in this Complaint, and if so, in what amounts;

(f) Whether Ms. Balea and the class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint;

(g) Whether Ms. Balea and the class members are entitled to actual, compensatory, nominal, enhanced, and/or punitive damages;

(h) Whether Ms. Balea and the class members are entitled to injunctive, declaratory relief, or other equitable relief;

(i) Whether Ms. Balea and the class members are entitled to civil penalties; and

(j) Whether Ms. Balea and the class members are entitled to reasonable attorneys' fees and costs.

41.    **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)). The claims of Ms. Balea and the putative class members are based on the same legal theories and arise from the same unlawful and willful conduct of Sarah Elise, resulting in the same injury to Ms. Balea and the putative class members. Ms. Balea and all class members are similarly affected by Sarah Elise's wrongful conduct, were damaged in the same way, and seek the same relief. Ms. Balea's interests coincide with, and are not antagonistic to, those of the other class members. She has been damaged by the same wrongdoing set forth in this Complaint.

42.    **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)). Ms. Balea is an adequate representative of the Classes because her interests do not conflict with the interests of the class members, and they have retained competent and experienced class counsel. She and her counsel will fairly and adequately protect the interest of the class members.

43.    **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)). A class action is superior to other available means for the fair and efficient adjudication of the claims of Ms. Balea and class members. There is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Sarah Elise's conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation, the court system could not, given the tens or even hundreds of thousands of cases that would need to be filed. Individualized litigation would also present a potential for inconsistent or contradictory judgments. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44.    **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

(a) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Sarah Elise; or

(b) the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c) Sarah Elise has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

### Unjust Enrichment
### (On Behalf of Plaintiff Balea and the Nationwide Class)

45.    Plaintiff Balea incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

46.    Ms. Balea and members of the Nationwide Class conferred a tangible economic benefit on Sarah Elise in the form of monetary payments for its Products, which were purchased based on Sarah Elise's representations regarding purported time limited sales and discounts.

47.    Sarah Elise knowingly accepted and retained these financial benefits under circumstances that make such retention unjust. Sarah Elise falsely marketed and sold the Products as "on sale" or otherwise subject to time limited discounts, claims that were false, misleading, and not substantiated by the actual retail price of the Products.

48.    Ms. Balea and members of the Nationwide Class did not receive the full value of what they paid for. Had they known the truth, Ms. Balea and members of the proposed class would not have purchased the Products or would have paid significantly less for them.

49.    Ms. Balea and members of the Nationwide Class lack an adequate remedy at law.

50.    It would be inequitable for Sarah Elise to retain the profits from the sale of these deceptively marketed Products, as the enrichment was obtained through false and misleading labeling and marketing, omissions of material fact, and a campaign designed to create the false impression that the Products were worth more than the prices they were sold at.

51.    Sarah Elise's conduct has therefore caused and is causing immediate and irreparable injury to Ms. Balea and members of the Nationwide Class and will continue to damage Ms. Balea and the class members and deceive the public unless enjoined by this Court.

### SECOND CAUSE OF ACTION

### Fraud
### (On Behalf of Plaintiff Balea and the Nationwide Class)

52.    Plaintiff Balea incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

53.    Sarah Elise, through the Sarah Elise Website, its Etsy Shop and social media platforms (*e.g.*, Instagram), represented that its Products were "on sale" as part of purported limited time or seasonal discounts—such as a "Holiday Sale", a "Black Friday Sale" and "Valentine's Day Sale", among others—and prominently displayed purported sale prices and false reference prices for each of its Products on the Sarah Elise Website and Etsy Shop.

54.    Sarah Elise did not disclose the truth on any platform, *i.e.*, that its Products were not actually "on sale" and that purported sale prices were, in fact, the item's ordinary, market price.

55.    Sarah Elise made these misrepresentations and omissions intending to deceive Ms. Balea and members of the Nationwide Class into purchasing the Products at their fake sale price.

56.    When Sarah Elise advertised sales, promoted specific sale prices and listed purported reference prices, it knew those representations were false and misleading.  Sarah Elise knew its Products were not being sold for a discount but, rather, at their ordinary, market price.

57.    The misrepresentations and omissions were also material because the price of the Products and the existence of any discount on them are important factors to a reasonable consumer.

58.    Sarah Elise's fraudulent misrepresentations and omissions directly and proximately caused injury in fact and actual damage to Ms. Balea and members of the Nationwide Class. Absent Sarah Elise's misrepresentations and omissions, Ms. Balea and the class members would not have purchased the Products or would have paid substantially less for them.

59.    Ms. Balea seeks compensatory and punitive damages in an amount to be determined at trial on behalf of herself and the Nationwide Class.

### THIRD CAUSE OF ACTION

**Violations of Consumers Legal Remedies Act (the "CLRA")**
**California Civil Code § 1750, *et seq*.**
**(On Behalf of Plaintiff Balea and the California Subclass)**

60.    Plaintiff Balea incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

61.    Sarah Elise's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

62.    Ms. Balea and other California Subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

63.    The Products that Ms. Balea (and other similarly situated California Subclass members) purchased from Sarah Elise were "goods" within the meaning of California Civil Code § 1761(a).

64.    By engaging in the actions, representations, and conduct set forth in the Complaint, Sarah Elise has violated, and continues to violate, §§ 1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(13) of the CLRA.

65.    Sarah Elise violated § 1770(a)(5) by representing that the Products have characteristics which they do not have.

66.    Sarah Elise violated § 1770(a)(7) by misrepresenting that the Products are of a particular standard, quality or grade.

67.    Sarah Elise violated § 1770(a)(9) by advertising the Products with an intent not to sell them as advertised.

68.    Sarah Elise violated § 1770(a)(13) by making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

69.    Sarah Elise's acts, practices, and omissions, set forth above, led consumers to falsely believe that the Products were and are being offered at a discount.

70.    In fact, the purported discount price the Products are sold at is the customary price.

71.    Ms. Balea and members of the California Subclass reasonably relied on Sarah Elise's representations and omissions. The representations and omissions were material because a reasonable consumer would consider the existence of a discount an important factor in deciding whether to purchase the Products and those representations and omissions were a substantial factor in Ms. Balea's purchase decision.

72.    Sarah Elise's violations of the CLRA directly and proximately caused injury in fact and damage to Ms. Balea and the California Subclass. Absent those misrepresentations and omissions, Ms. Balea and the class members would not have purchased the Products or would have paid substantially less for them.

73.    Ms. Balea seeks relief for violations of the CLRA in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole herself and the California Subclass. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Ms. Balea would have to show that the Products no market value, whereas that showing is not required for restitution. Ms. Balea reserves the right to amend the Complaint to seek damages under the CLRA.

74.    Ms. Balea also seeks injunctive relief in the form of an order enjoining Sarah Elise from continuing to deceptively market its Products. Injunctive relief is appropriate because Sarah Elise continues to deceptively market its Products as "on sale" and continues to claim that those sales represent limited time or seasonal offers. Injunctive relief is therefore necessary to prevent Sarah Elise from continuing to engage in unlawful conduct and to prevent future harm to Ms. Balea and the California Subclass, which cannot be achieved only through available legal remedies.

75.    **Permanent public injunctive relief.** Ms. Balea, acting as private attorney general, also seeks public injunctive relief to protect the general public from Sarah Elise's conduct. Sarah Elise's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Ms. Balea seeks permanent injunction to enjoin Sarah Elise from engaging in the misconduct alleged herein.

## FOURTH CAUSE OF ACTION

**Violations of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff Balea and the California Subclass)**

76.     Plaintiff Balea incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

77.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertisement. Cal. Bus. & Prof. Code § 17200.

78.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

79.     A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

80.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

81.     Sarah Elise has violated the "unlawful" prong under the UCL and has engaged in "unfair, deceptive, untrue or misleading" advertising.

82.     The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15 U.S.C. § 52(a). Sarah Elise's use of fake discounts to sell its Products are deceptive practices that violate the FTC Act and federal regulations.

83.     16 C.F.R.§ 233.1 states:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the

article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $_____"), unless substantial sales at that price were actually made.

84.    California law also prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former price advertisements," states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

85.    As further detailed in the Fifth Cause of Action below, California's False Advertising Law also prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9), and prohibits a business from "[m]aking

false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." *Id.* § (a)(13)

86.    Sarah Elise's false advertising scheme as alleged herein violates the unlawful prongs of the UCL since it violates 16 C.F.R. § 233.1, Cal. Bus. & Prof. Code § 17501, Cal. Civ. Code §§ 1770(a)(9) and (a)(13).

87.    Sarah Elise has also violated the "unfair" prong of the UCL by falsely representing that its consumers received a discount from a referenced "original" former price of its Products. Additionally, Sarah Elise has violated the "unfair" prong of the UCL by falsely representing that its Products were offered on unique, time-sensitive or seasonal discounts when, in fact, these sales were perpetual.  Finally, Sarah Elise has violated the "unfair" prong of the UCL by using language to indicate that the Products would quickly sell out when, in fact, that was not the case.

88.    These acts and practices are unfair because they were likely to cause consumers to falsely believe that Sarah Elise was offering value, discounts, or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.

89.    As a result, purchasers (including Ms. Balea) reasonably understood that they were receiving valuable price reductions on their purchases. This, in turn, has induced reasonable purchasers to buy Sarah Elise's Products that they would not have otherwise purchased or to pay more than if they had known about the false advertising.

90.    The gravity of the harm to Ms. Balea and members of the California Subclass resulting from these unfair acts and practices outweighs any conceivable reasons, justifications, or motives that Sarah Elise may have had for engaging in such deceptive acts and practices.

91.    Additionally, Sarah Elise has violated the "fraudulent" prong of the UCL because its marketing and advertising materials included false "original" prices and because these same materials also suggested advertised "sale" prices were time limited.

92.    Sarah Elise's acts and practices deceived Ms. Balea and the California Subclass at large. Specifically, Ms. Balea  and the California Subclass relied on these misleading and deceptive representations regarding limited-time sales and discounts.

- 24 -

93.     Ms. Balea and the California Subclass never received the benefit of their bargains with Sarah Elise because they did not receive any actual discount, contra to Sarah Elise's misrepresentations. Ms. Balea and California Subclass members did not receive Products that were worth the inflated amount that Sarah Elise represented to them as the original reference prices; the Products did not regularly sell for, and were not actually worth, the fictitious reference prices advertised by Sarah Elise.

94.     As a result of these violations under each of the fraudulent, unfair, and unlawful prongs of the UCL, Sarah Elise has been unjustly enriched at the expense of Ms. Balea and members of the California Subclass. Specifically, Sarah Elise has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive conduct

95.     Through its unfair acts and practices, Sarah Elise has unlawfully obtained money from Ms. Balea and the class members. As such, Ms. Balea requests that this Court order Sarah Elise restore this money to Ms. Balea and all California Subclass members. She further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

96.     Ms. Balea and the California Subclass members also lack an adequate remedy at law for future harm and seek to enjoin Sarah Elise from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Ms. Balea and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

97.     **Permanent public injunctive relief.**  Ms. Balea, acting as private attorney general, also seeks public injunctive relief to protect the general public from Sarah Elise's conduct.

98.     Sarah Elise's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Ms. Balea seeks a permanent injunction to enjoin Sarah Elise from engaging in the misconduct alleged herein.

# FIFTH CAUSE OF ACTION

### Violations of California False Advertising Law ("FAL")
### Cal. Bus. & Prof. Code §§ 17500, *et seq.*
### (On Behalf of Plaintiff Balea and the California Subclass)

99.     Plaintiff Balea incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

100.     The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value, and former price. Sarah Elise's false advertising scheme misrepresents the existence of limited time sales violate the FAL.

101.     Furthermore, the FAL provides that: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

102.     Sarah Elise has falsely advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.

103.     Through its unfair acts and practices, Sarah Elise has unlawfully obtained money from Ms. Balea and the California Subclass members. As such, Ms. Balea requests that this Court order Sarah Elise to restore this money to herself and all members of the California Subclass.  She further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

104.     Ms. Balea and the members of the California Subclass also lack an adequate remedy at law for future harm and seek to enjoin Sarah Elise from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Ms. Balea and these class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

105.     **Permanent public injunctive relief.**  Ms. Balea, acting as private attorney general, also seeks public injunctive relief to protect the general public from Sarah Elise's conduct.

106.     Sarah Elise's false advertising is ongoing and will continue to harm the public

absent a permanent public injunction. Accordingly, Ms. Balea seeks a permanent injunction to enjoin Sarah Elise from engaging in the misconduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Balea, on her own behalf and the proposed Classes, pray for relief and judgment against Sarah Elise as follows:

A.    certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Ms. Balea as representatives of the Classes, and designating her counsel as Class Counsel;

B.    awarding Ms. Balea and the Classes compensatory damages, actual damages, and punitive damages in an amount exceeding $5,000,000, to be determined by proof;

C.    granting Ms. Balea and the Classes declaratory and equitable relief, including restitution and disgorgement;

D.    enjoining Sarah Elise from continuing to engage in the wrongful acts and practices alleged herein;

E.    awarding Ms. Balea and the Classes the costs of prosecuting this action, including expert witness fees;

F.    awarding Ms. Balea and the Classes reasonable attorneys' fees and costs as allowable by law;

G.    awarding pre-judgment and post-judgment interest; and

H.    granting any other relief as this Court may deem just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Ms. Balea hereby demands a trial by jury on all issues so triable.

Dated: January 28, 2026

Respectfully submitted,

*/s/ Raphael Janove*
Raphael Janove
Max Ian Fiest
**JANOVE PLLC**
500 7th Ave., 8th Floor
New York, NY 10018
Tel: (646) 347-3940
Email: raphael@janove.law
Email: max@janove.law

I, Marie-Claire Balea, declare:


1.  I am a Plaintiff in this action.  If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.  I submit this Declaration pursuant to California Code of Civil Procedure § 2015.5 and California Civil Code § 1780(d).

3.  I reside in the state of California.  As set forth in my complaint, I purchased Defendant Sarah Elise's jewelry products, specifically a Thin Flush Set Diamond Ring, Reese and a Solid Gold X Ring, Adelyn.

4.  Because Lyft is headquartered in New York, the Southern District of New York is the proper place for the trial of this action.


I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

01/27/26
_____
Date

_____
Marie-Claire Balea